

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00102-CV

———————————————

IN THE INTEREST OF K.D., A CHILD

---

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-758200-24

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

On Appellant A.C.'s (Father's[1]) motion, we dismiss his appeal.

The Department of Family and Protective Services removed K.D. (Kim) from D.B. (Mother) because it had—among other concerns—concerns about her mental health. At the time of the removal, Mother claimed that she did not know who Kim's father was.

The Department filed a petition to terminate Mother's and—after determining his identity—Father's parental rights to Kim. Father was in prison. The trial court appointed his cousin and her husband as Kim's temporary possessory conservators.

At trial, Father was not personally present but was represented by counsel. The parties announced that they had reached an agreement. In accordance with that agreement, the trial court signed a judgment in which

- it appointed the Department as Kim's permanent managing conservator;

- it appointed Mother and Father as Kim's possessory conservators with rights of possession and access; and

- it identified Father's cousin and her husband as Kim's temporary possessory conservators.

Despite the parties' purported agreement, which did not include termination of any parental rights, Father's trial counsel filed a notice of appeal and a motion to

---

[1]To protect the child's identity, we use an alias when referring to her and refer to her family members by their relationship to her or by their relationship to other family members. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

withdraw and to appoint appellate counsel. Two days later, the trial court granted counsel's motion to withdraw and appointed appellate counsel, who

- filed a motion for new trial that included a letter that Father had written from prison opposing the agreed judgment;

- obtained a hearing on the motion; and

- managed to have Father present for the hearing.

At the hearing, Father waived both his motion for new trial and his appeal.

Father now moves to dismiss his appeal. Accordingly, we grant his motion and dismiss his appeal. *See* Tex. R. App. P. 42.1(a)(1).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: April 23, 2026